| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JASON L. LIANG (SBN 251235)<br>Email: jliang@lianglyllp.com<br>LIANG LY LLP<br>601 South Figueroa Street<br>Suite 1950<br>Los Angeles, California 90017<br>Telephone: (213) 262-8000<br>Facsimile: (213) 335-7776<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Anthony J. Pellicano, Debtor | **FILED**<br>CLERK, U.S. DISTRICT COURT<br><br>9/15/22<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___EEE___ DEPUTY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>ANTHONY JOSEPH PELLICANO<br><br><br><br>                                                                              Debtor(s). | CASE NO.: 22-bk-10059-BB<br><br>ADVERSARY NO.: 22-AP-01081-BB<br>(*if applicable*)<br><br>CHAPTER: 7 |
|---|---|
| COLETTE MCDOUGALL, RICHARD W. COLBURN, CAROL COLBURN GRIGOR, AND KEITH W. COLBURN,<br><br>                    Plaintiff(s) (*if applicable*).<br>vs.<br>ANTHONY JOSEPH PELLICANO<br><br><br><br>                    Defendant(s) (*if applicable*). | **2:22-CV-06591-SSS**<br><br><br>**NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): <u>ANTHONY JOSEPH PELLICANO</u>

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☒ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:
   1. Judgment In Favor Of Plaintiffs And Against Defendant Anthony Joseph Pellicano Determining Non-Dischargeability Pursuant To 11 U.S.C. § 523(a)(6) (Dkt. No. 25)
   2. Order Granting Statement Of Uncontroverted Facts And Conclusions Of Law (Dkt. No. 26)
2. The date the judgment, order, or decree was entered: 08/30/2022

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1. Party:  See Attachment A

   Attorney:

   See Attachment A

2. Party:

   Attorney:

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

[X] Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

/S/ JASON L. LIANG                                            Date: 09/08/2022
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

601 South Figueroa St. Suite 1950, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _09/08/2022_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

jeffrey@shinbrotfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/8/2022 | Marina Ozarzhitskaya | /s/Marina Ozarzhitskaya |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# ATTACHMENT A

## ATTACHMENT A

| PARTY: | REPRESENTED BY: |
|---|---|
| Richard W Colburn | Jeffrey S Shinbrot<br>The Shinbrot Firm<br>15260 Ventura Boulevard<br>Suite 1200<br>Sherman Oaks, CA 91403<br>310-659-5444<br>Fax : 310-878-8304<br>Email: jeffrey@shinbrotfirm.com |
| Carol Colburn Grigor | Jeffrey S Shinbrot<br>The Shinbrot Firm<br>15260 Ventura Boulevard<br>Suite 1200<br>Sherman Oaks, CA 91403<br>310-659-5444<br>Fax : 310-878-8304<br>Email: jeffrey@shinbrotfirm.com |
| Keith W Colburn | Jeffrey S Shinbrot<br>The Shinbrot Firm<br>15260 Ventura Boulevard<br>Suite 1200<br>Sherman Oaks, CA 91403<br>310-659-5444<br>Fax : 310-878-8304<br>Email: jeffrey@shinbrotfirm.com |
| Colette McDougall | Jeffrey S Shinbrot<br>The Shinbrot Firm<br>15260 Ventura Boulevard<br>Suite 1200<br>Sherman Oaks, CA 91403<br>310-659-5444<br>Fax : 310-878-8304<br>Email: jeffrey@shinbrotfirm.com |

# ATTACHMENT B

SEGAL LAW GROUP
LAWRENCE SEGAL [BAR NO. 101339]
ANDREW D. SHUPE [BAR NO. 240635]
9100 Wilshire Boulevard, Suite 616E
Beverly Hills, California 90212-3557
Telephone: (310) 550-4840
Facsimile: (310) 550-4848
Email: lawrence@legalsegal.com
Email: andrew@legalsegal.com

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone: (310) 659-5444
Fax: (310) 878-8304
Counsel for Creditors Colette McDougall,
Richard W. Colburn, Carol Colburn Grigor
and Keith W. Colburn

**FILED & ENTERED**

AUG 30 2022

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>ANTHONY JOSEPH PELLICANO,<br><br>        Chapter 7 Debtor.<br><br>COLETTE MCDOUGALL, RICHARD W. COLBURN, CAROL COLBURN GRIGOR, AND KEITH W. COLBURN,<br><br>        Plaintiffs,<br><br>    v.<br><br>ANTHONY JOSEPH PELLICANO,<br><br>        Defendant. | Case No. 2:22-BK-10059-BB<br><br>Chapter 7<br><br>Adv. No. 2-22-ap-01081-BB<br><br>**JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANT ANTHONY JOSEPH PELLICANO DETERMINING NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(6)**<br><br>**Hearing Date/Time/Place**<br><br>Date: August 30, 2022<br>Time: 2:00 p.m.<br>Place: 255 East Temple Street, Los Angeles, California, Courtroom 1539 |

The Court having considered Plaintiffs Colette McDougall, Richard W. Colburn, Colburn Grigor f/k/a Carol Colburn-Hogel and Keith W. Colburn Motion for Summary Judgment, the documents and evidence submitted in support thereto, having made the rulings on the evidentiary objections read into the record at the time of hearing on the motion, and having issued its statement of uncontroverted facts and conclusions of law, good cause appearing and notice having been proper, now therefore it is hereby **Ordered, Adjudged and Decreed** as follows

    1.    The Motion for Summary Judgment is granted.

    2.    Judgment is hereby entered in favor of plaintiffs Collette McDougall, Richard W. Colburn, Carol Colburn, and Keith W. Colburn and against Anthony Joseph Pellicano for Exception to Discharge of Debt for Willful and Malicious Injury to Another pursuant to 11 U.S.C. § 523(a)(6).

    3.    Anthony Joseph Pellicano's debt to plaintiffs Collette McDougall, Richard W. Colburn, Carol Colburn, and Keith W. Colburn arising from the default judgment entered against him on November 19, 2012 in the Los Angeles County Superior Court action entitled McDougall et al. v. Pellicano et al., Case No. BC381720, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

**IT IS SO ORDERED**.

#####

Date: August 30, 2022

Sheri Bluebond
United States Bankruptcy Judge

2

# ATTACHMENT C

SEGAL LAW GROUP
LAWRENCE SEGAL [BAR NO. 101339]
ANDREW D. SHUPE [BAR NO. 240635]
9100 Wilshire Boulevard, Suite 616E
Beverly Hills, California 90212-3557
Telephone: (310) 550-4840
Facsimile: (310) 550-4848
Email: lawrence@legalsegal.com
Email: andrew@legalsegal.com

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
15260 Ventura Blvd., Suite 1200
Sherman Oaks, CA 91403
Telephone:  (310)  659-5444
Fax:  (310)  878-8304

Counsel for Creditors Colette McDougall,
Richard W. Colburn, Carol Colburn Grigor
and Keith W. Colburn

> **FILED & ENTERED**
>
> AUG 30 2022
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.  2:22-BK-10059-BB |
| ANTHONY JOSEPH PELLICANO, | Chapter 7 |
| Chapter 7 Debtor. | Adv. No. 2-22-ap-01081-BB |
| | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.** |
| COLETTE MCDOUGALL, RICHARD W. COLBURN, CAROL COLBURN GRIGOR, AND KEITH W. COLBURN, | **Hearing Date/Time/Place** |
| Plaintiffs, | Date:  August 30, 2022
Time:  2:00 p.m.
Place:  255 East Temple Street, Los Angeles, California, Courtroom 1539 |
| v. | |
| ANTHONY JOSEPH PELLICANO, | |
| Defendant. | |

The Court, having reviewed Plaintiffs Colette McDougall ("Colette"), Richard W. Colburn ("Richard W"), Carol Colburn Grigor f/k/a Carol Colburn-Hogel ("Carol") and Keith W. Colburn ("Keith") (collectively, "Plaintiffs") Separate Statement of Undisputed Material Facts and Conclusions of Law in Support of their Motion for Summary Judgment against Anthony Joseph Pellicano ("Pellicano") and the evidence referred to therein, and having made the rulings on the evidentiary objections read into the record at the time of the hearing, the court adopts the following uncontroverted facts and conclusions of law:

## UNCONTROVERTED FACTS SUPPORTING EVIDENCE

| Uncontroverted Fact | Supporting Evidence |
|---|---|
| 1.  Plaintiffs filed suit against defendant/debtor Pellicano and Jacqueline Colburn in the Los Angeles County Superior Court on December 4, 2007 for invasion of privacy (common law), violation of Cal. Penal Code § 637.2, invasion of California Constitutional privacy rights, and intentional infliction of emotional distress, arising out of Pellicano's alleged wiretapping and unauthorized recording of Plaintiff's telephone conversations at the behest of co-defendant Jacqueline Colburn.  The matter was entitled *McDougall et al. v. Pellicano et al.*, Los Angeles County Superior Court Case No. BC381720 (the "Superior Court Action"). | Declaration of Lawrence Segal ("Segal Decl."), ¶ 1 & Exh. A [original Complaint]; Request for Judicial Notice ("RFJN"), ¶ 1. |
| 2.  On April 27, 2010, Plaintiffs were granted leave to amend their pleading, and their previously lodged First Amended Complaint was deemed filed in the Superior Court Action. | *See* Segal Decl., ¶ 2 & Exh. B [First Amended Complaint]; RFJN, ¶ 2. |
| 3.  Pellicano was personally served with the Summons on First Amended Complaint but did not file a responsive pleading, and his default was entered. | *See* Segal Decl., ¶¶ 3-4, 10 & Exhs. C [Proof of Service of Summons/FAC], D [Request to Enter Default], and L [Judgment at 2:16-20 thereof]; RFJN, ¶¶ 3, 4, and 9. |
| 4.  Plaintiffs proceeded to litigate the Superior Court Action against Pellicano's co-defendant Jacqueline Colburn, and the case went to trial in October 2012.  On October 19, 2012, a California state court jury unanimously awarded Plaintiffs $3.895 | *See* Segal Decl., ¶¶ 5-8 & Exhs. E-G [Special Verdict Forms], collectively; RFJN, ¶¶ 5-7. |

2

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | million in damages resulting from Pellicano's illegal wiretapping and recording of their telephone conversations, undertaken by Pellicano on behalf of his co-defendant Jacqueline Colburn. The verdict was supported by special factual findings. | |
| 4<br>5<br>6<br>7<br>8 | 5.    On November 6, 2012, following the jury trial against Jacqueline Colburn, Plaintiffs filed supporting papers in the Superior Court Action to request entry of a default *judgment* against Pellicano. Among those documents were a Summary of Case, a Request for Judicial Notice, a Request for Default Judgment, and a Proof of Service of the foregoing documents showing that they were served by mail on Pellicano. | *See* Segal Decl., ¶ 9 & Exhs. H-K [default judgment prove-up documents]; RFJN, ¶ 8. |
| 9<br>10<br>11<br>12 | 6.    On November 19, 2012, the California state court entered judgment in the Superior Court Action – including judgment by default against Pellicano, based on the very same evidence presented at trial against Pellicano's client and co-defendant Jacqueline Colburn. | *See* Segal Decl., ¶ 10 & Exh. L [Judgment], at 2:21-3:22 thereof; RFJN, ¶ 9. |
| 13<br>14<br>15 | 7.    On November 21, 2012, Pellicano was served with notice of entry of judgment. | *See* Segal Decl., ¶ 11 & Exh. M [Notice of Entry of Judgment, including proof of service]; RFJN, ¶ 10. |
| 16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 8.    The Special Verdict Forms completed by the jury in the state court action contain express factual findings about Pellicano's activity on behalf of Jacqueline Colburn. Specifically, Special Verdict Form No. 2 (completed by the trial jury and signed by the Presiding Juror) includes the following:<br>      1.    Did Anthony Pellicano on behalf of Jacqueline Colburn **intentionally eavesdrop on or record Richard W. Colburn's conversation** by using an electronic device?<br><br>      [Jurors checked "Yes" as their answer]<br><br>      …<br><br>      3.    Did Anthony Pellicano on behalf of Jacqueline Colburn have the consent of all parties to the conversation to eavesdrop on or record it? | *See* Segal Decl., ¶ 6 & Exh. E [Special Verdict Form No. 2], at pp. 2-3 thereof; RFJN, ¶ 5. (Emph. added). |

3

| | | |
|---|---|---|
| | [Jurors checked "No" as their answer]<br><br>4. How many of Richard W. Colburn's telephone communications to or from the telephone lines at 1120 La Collina Drive [the Residence] were eavesdropped upon, recorded, and/or wiretapped by Anthony Pellicano acting on Jacqueline Colburn's behalf?<br><br>Insert number of calls here:<br>[Jurors hand-wrote "289"]. | |
| | 9. The jury's responses and factual findings as to Pellicano's wiretapping, eavesdropping, and recording were the same for each of the four Plaintiffs, with the only difference being that the exact number of wiretapped, eavesdropped, and/or recorded telephone calls varied for each Plaintiff. | *See id.*, at pp. 4-9 thereof. |
| | 10. Similarly, Special Verdict Form No. 3 (completed by the trial jury and signed by the Presiding Juror) includes the following:<br>    2. Did Anthony Pellicano on behalf of Jacqueline Colburn **intentionally intrude** in Richard W. Colburn's telephone calls to and from the residence and home office of his father Richard D. Colburn?<br><br>[Jurors checked "Yes" as their answer]<br><br>…<br><br>3. Would Anthony Pellicano's intrusion on behalf of Jacqueline Colburn be **highly offensive** to a reasonable person?<br><br>[Jurors checked "Yes" as their answer]<br><br>… | *See* Segal Decl., ¶ 7 & Exh. F [Special Verdict Form No. 3], at pp. 2-3 thereof; RFJN, ¶ 6. (Emph. added). |

4

| | | |
|---|---|---|
| | 4. Was Anthony Pellicano's conduct on behalf of Jacqueline Colburn a **substantial factor in causing harm** to Richard W. Colburn?<br><br>[Jurors checked "Yes" as their answer] | |
| 11. | The jury made identical factual findings as to Pellicano's intentional intrusion and highly offensive conduct as to all four of the Plaintiffs. | *See* Segal Decl., ¶ 7 & Exh. F [Special Verdict Form No. 3], at pp. 4-9 thereof; RFJN, ¶ 6. |
| 12. | On November 19, 2012, the California state court entered judgment in the Superior Court Action – including judgment by default against Pellicano. Regarding Pellicano, that judgment states in pertinent part:<br><br>As to defendant Anthony Pellicano, the Court finds that Anthony Pellicano was properly served with a copy of the Summons on First Amended Complaint and First Amended Complaint filed by Plaintiffs in this action, that Anthony Pellicano failed to answer the First Amended Complaint or appear and defend the action within the time allowed by law, and that Anthony Pellicano's default was entered by the clerk upon Plaintiffs' application.<br><br>In connection with the requested default judgment against Anthony Pellicano, the Court considered: (a) Plaintiffs' Request for Entry of Default Judgment; (b) Plaintiffs' Summary of Case in Support of Entry of Default Judgment Against Anthony Pellicano; and (c) the testimony given and the exhibits admitted into evidence at the trial of Jacqueline Colburn (in lieu of additional declarations, affidavits or live testimony duplicative of said trial testimony and evidence), and (d) other items of which Plaintiffs requested that the Court consider and/or take judicial | *See* Segal Decl., ¶ 10 & Exh. L [Judgment], at 2:16-27 thereof; RFJN, ¶ 9. |

5

| | | |
|---|---|---|
| 1 | notice. | |
| 2 | 13. The judgment in the Superior Court Action awarded compensatory damages in favor of each of the four separate Plaintiffs, and against Jacqueline Colburn and Pellicano, jointly and severally, based on the jury's findings, namely $1,030,000 to Collette McDougall, $445,000 to Carol Colburn-Grigor, $1,595,000 to Richard W. Colburn, and $825,000 to Keith W. Colburn, which included a jury award of $150,000 each for emotional distress. | *See* Segal Decl., ¶ 10 & Exh. L [Judgment], at 2:28-3:22 thereof; RFJN, ¶ 9. |
| 3 | 14. In their First Amended Complaint in the Superior Court Action, Plaintiffs alleged that (a) Pellicano, on behalf of his client Jacqueline Colburn, wiretapped the telephone lines at the residence of Richard D. Colburn (father of three of the Plaintiffs and employer of the fourth) (the "Residence"); and that (b) Pellicano wiretapped the Residence and recorded telephone calls (to which the Plaintiffs were parties) to and from the Residence, and then shared those recordings with Jacqueline Colburn. | *See* Segal Decl., ¶ 2 & Exh. B [First Amended Complaint], at ¶¶ 10-25 thereof; RFJN, ¶ 2. |
| 4 | 15. Pellicano was personally served with a Summons and Plaintiffs' First Amended Complaint in connection with the Superior Court Action. | *See* Segal Decl., ¶ 3 & Exh. C [Proof of service of process]; RFJN, ¶ 3. |
| 5 | 16. The Judgment entered in the Superior Court Action expressly states that "the Court finds that Anthony Pellicano was properly served with a copy of the Summons on First Amended Complaint and First Amended Complaint filed by Plaintiffs in this action…" | *See* Segal Decl., ¶ 10 & Exh. L [Judgment], at 2:16-18 thereof; RFJN, ¶ 9. |
| 6 | 17. In the Superior Court Action trial (which spanned nine court days), Plaintiffs presented testimony from more than 12 witnesses (including former Pellicano employees, a wiretapping expert, and a former FBI agent who was able to decrypt certain recordings seized from Pellicano's offices), and introduced 47 exhibits. | *See* Segal Decl., ¶ 5. |
| 7 | 18. Pellicano did not appeal the Default Judgment. | *See* Segal Decl., ¶ 12. |

6

**CONCLUSIONS OF LAW**

1. The issues decided by the Default Judgment in the Superior Court Action, as framed by the First Amended Complaint and decided at trial, are the same issues for which Plaintiffs now seek preclusion from relitigation in this proceeding.

2. The Default Judgment against Pellicano and the factual findings in the Special Verdict Forms in the Superior Court Action decided and resolved the issue of whether Pellicano acted "with the actual intent to cause injury" to Plaintiffs in the manner alleged by Plaintiffs in their adversary Complaint. That issue was decided in the affirmative, as demonstrated by the Default Judgment and the Special Verdict Forms, which found that (a) Pellicano intended to intrude upon the privacy of each of the Plaintiffs, (b) his actions were highly offensive, and (c) his actions were a substantial factor in causing harm to each of the Plaintiffs. [*Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 917-918 (9th Cir. 2001) (threshold factor no. 1: identical issue)].

3. In the Superior Court Action, the jury made express findings on the same set of issues for which Plaintiffs now seek preclusion; that set of issues was actually litigated in the prior proceeding.

4. The Superior Court Action jury found that Pellicano, on behalf of Jacqueline Colburn, intentionally eavesdropped on or recorded Plaintiffs' conversations by using an electronic device, without Plaintiffs' consent.

5. The jury in the Superior Court Action also found that Pellicano, on behalf of Jacqueline Colburn, intentionally intruded in Plaintiffs' telephone calls in a manner highly offensive to a reasonable person, thereby causing harm to Plaintiffs. The Los Angeles

1  Superior Court then entered Default Judgment against Pellicano based upon those

2  findings. [*Baldwin, supra,* 249 F.3d at 917-918 (threshold factor no. 2: issue was actually

3  litigated in former proceeding)].

4  6.    The factual findings entered in the Superior Court are consistent with a finding of

5  "actual intent to cause injury" under 11 U.S.C. § 523(a)(6). [*Kawaauhau v. Geiger*, 523

6  U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) (an act falls under the "willful and

7  malicious injury" discharge exception if the act was "done with the actual intent to cause

8  injury")].

9  7.    The issues on which Plaintiffs seek preclusion were necessarily decided in the

10 Superior Court Action, as demonstrated by the Special Verdict Forms and the Default

11 Judgment entered against Pellicano.

12 8.    The Special Verdict Forms completed by the jury in the Superior Court Action

13 contain the jury's express findings as to what Pellicano himself did, as to each separate

14 Plaintiff, entitling each to monetary damages commensurate with the number of proven

15 wiretapped, recorded, or eavesdropped-upon telephone calls, plus $150,000 per Plaintiff

16 in emotional distress damages. [*Baldwin, supra,* 249 F.3d at 917-918 (threshold factor no.

17 3: issue was necessarily decided in former proceeding)].

18 9.    The Default Judgment entered against Pellicano in the Superior Court Action is a

19 judgment on the merits under California law, and it is final because it is no longer subject

20 to appeal. [*Fitzgerald v. Herzer*, 78 Cal.App.2d 127, 131-132, 177 P.2d 364, 366 (1947);

21 *Morris v. McCauley's Quality Transmission Service*, 60 Cal.App.3d 964, 973, 132

22 Cal.Rptr. 37 (1976); California Rule of Court 8.104(a)(1)(B) (time to appeal); *Baldwin,*

*supra,* 249 F.3d at 917-918 (threshold factor no. 4: decision in former proceeding is final and on the merits)].

10.  The defendant against whom the Default Judgment was entered in the Superior Court Action is the same Anthony Pellicano who is the debtor in this bankruptcy proceeding, and the Plaintiffs in the state court proceeding are the same Plaintiffs here. [*Baldwin, supra,* 249 F.3d at 917-918 (threshold factor no. 5: same party)].

11.  Pellicano was personally served with the Summons and First Amended Complaint for the Superior Court Action and had actual knowledge of the existence of that action, and had a fair opportunity to litigate.  [*In re Cantrell*, 329 F.3d 1119, 1123-1124 (9th Cir. 2003) (default judgment factor no. 1: defendant personally served with summons or had actual knowledge of existence of prior litigation and had fair opportunity to litigate)].

12.  The record of the Superior Court Action shows express factual findings with respect to the allegations for which preclusion is sought.

13.  The Special Verdict Forms and Default Judgment in the Superior Court Action establish express findings that Pellicano illegally wiretapped the Residence on behalf of Jacqueline Colburn, wiretapped and/or recorded Plaintiffs' private telephone calls, intended to intrude upon the privacy of Plaintiffs in a highly offensive manner, and shared recordings of those calls with Jacqueline Colburn.  [*Cantrell, supra*, 329 F.3d at 1123-1124 (default judgment factor no. 2: record of prior proceeding shows either express findings upon allegations for which preclusion is sought, or that court in the prior proceeding necessarily decided the issue)].  Therefore Pellicano's intention to cause injury to Plaintiffs was established in the Superior Court Action.

9

14. Granting preclusive effect to the Default Judgment entered in the Superior Court Action would further the applicable public policies by:

    (a) Eliminating the possibility of inconsistent verdicts and thereby enhancing the public's confidence in the judicial system; there is no reason for this Court to relitigate or retry the question of whether Pellicano illegally wiretapped and recorded Plaintiffs' telephone calls, or whether Pellicano intended to intrude upon Plaintiffs' privacy in a highly offensive manner.

    (b) Principles of comity and federalism would best be served by following California law regarding the preclusive effect of default judgments;

    (c) Judicial economy would best be served by giving preclusive effect to the Default Judgment entered in the Superior Court Action; and

    (d) Giving preclusive effect to the Default Judgment would protect Plaintiffs from duplicative litigation in that it would be unfair to require Plaintiffs to relitigate in this Court what was already fully litigated and decided after trial by jury in the Superior Court Action, especially when Pellicano could have participated in that action, but chose not to. [*Baldwin, supra*, 249 F.3d at 919 (public policies underlying the doctrine of collateral estoppel)].

15. Judgment should be entered in Plaintiffs' favor, determining that Pellicano's debt arising from the Default Judgment in the Superior Court Action is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

**IT IS SO ORDERED.**

#####

Date: August 30, 2022

Sheri Bluebond
United States Bankruptcy Judge

11